UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN TREY HILLARD, and ANTOINE EPPS, on Behalf of Themselves and on Behalf of All Others Similarly Situated | § § § § § | CIVIL ACTION NO. _____ |
| Plaintiffs, | § § | |
| V. | § § | JURY TRIAL DEMANDED |
| ARCHER UNDERBALANCED SERVICES, LLC, and ALLIS-CHALMERS ENERGY, INC., | § § § § § | |
| Defendants. | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

### I.  SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiffs Steven Hillard, and Antoine Epps, and the employees they seek to represent ("Class Members") are current and former salary paid manual laborers of Defendants Allis-Chalmers Energy, Inc., and Archer Underbalanced Services, LLC, ("Defendants") employed between January 29, 2010 and the time notice is issued. Defendants knowingly and

deliberately failed to compensate Plaintiffs and Class Members for their overtime hours based on the time and one-half formula in the FLSA.

3. Defendants violated the FLSA through two principle mechanisms:

   a. First, Defendants failed to convert Plaintiffs' weekly salary into an hourly rate and use such hourly rate to pay them the overtime premium for hours worked in excess of 40 in a workweek. This violation is obvious on the face of Plaintiffs' Earning Statements, a sample of which is attached hereto as Exhibit "A."

   b. Because Defendants failed to pay Plaintiffs the overtime premium in any way, Defendants also violated their obligation under the FLSA to include Plaintiffs' non-discretionary job bonuses into overtime pay. This violation is also obvious on the face of Plaintiffs' Earning Statements, a sample of which is attached hereto as Exhibit "A."

   c. Third, Defendants did not keep track of all hours worked as required by 29 U.S.C. § 211(c).

4. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiffs and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) in a week.

5. Plaintiffs seek to recover, on behalf of themselves and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs also pray that the class of similarly situated manual labor workers be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt into this litigation.

## II.     SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events and omissions giving rise to this claim occurred in this District. Defendants do business in this District and some of the violations took place while Plaintiffs worked in this District.

## III.     PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Steven Hillard is an individual currently residing in Harrison County, Texas. His written consent to this action is attached hereto as Exhibit "B."

10. Plaintiff Antoine Epps is an individual currently residing in Marion County, Texas. His written consent to this action is attached hereto as Exhibit "C."

11. The Class Members are all salary-paid, manual laborers employed by Defendants during any work week from January 29, 2010 to the time notice.

12. Defendant Archer Underbalanced Services, LLC, is a Limited Liability Company organized under the laws of Delaware that does business in Texas. Defendant may be served process through its registered agent Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

13. Defendant Allis-Chalmers Energy, Inc., is a Corporation organized under the laws of Delaware that does business in Texas. Defendant may be served process through its registered agent Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

14. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privileges of conducting business activities in the state of

3

Texas. Defendants have established minimum contacts sufficient to confer jurisdiction over them, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. As such, the exercise of personal jurisdiction over Defendants is consistent with the constitutional requirements of due process.

15. Defendants operate multiple offices in Texas.[1]

16. Defendants employ Texas citizens in numerous capacities.

17. Defendants advertise in Texas.

18. Defendants provide services across Texas.

19. This cause of action arises directly from and is related to the contacts of Defendants with Texas, specifically Defendants' employment of Texas citizens and their subsequent failure to pay those citizens in accordance with the strictures of the FLSA.

### IV.   FLSA COVERAGE

20. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

21. At all material times, Defendants have been an enterprise in commerce within the meaning of the FLSA. 29 U.S.C. § 203(r).

22. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA because Defendants have and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Defendants each enjoy an annual gross business volume in excess of $500,000 and have likewise done so in the three years prior to the filing of this complaint.

24. At all material times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce as required by the FLSA. 29 U.S.C. §§ 206-207.

---

[1] See print out from Defendant's website showing locations in Texas attached hereto as Exhibit "D."

4

## V.     FACTS

25.     Defendants Allis-Chalmers Energy, Inc., and Archer Underbalanced Services, LLC, provides numerous oil field well services, including snubbing, coiled tubing, valve drilling, hot tapping, freezing, well control, pumping and engineering.  Defendants offer these services to oil field operators across the country.

26.     Plaintiffs and Class Members are employed by Defendants as manual laborers who perform services in the categories identified in the preceding paragraph and other similar jobs.

27.     Typically, Defendants dispatch two five-man crews of pump operators to a work site.  These crews alternate twelve hour shifts on the work site.

28.     Defendants pay their oil and gas field manual laborers such as pump operators and coil operators a salary for time worked in the field.  This salary compensation is reflected on the face of Plaintiffs' Earning Statements, a sample of which is attached hereto as Exhibit "A."

29.     Defendants also pay a bonus per day to Plaintiffs and Class Members who work on the wells.

30.     These bonuses are non-discretionary.

31.     Such bonuses are reflected on Plaintiffs' Earning Statements, a sample of which is attached hereto as Exhibit "A."

32.     The bonus is intended to compensate the workers for working more efficiently and quickly.

33.     Pursuant to 29 C.F.R. § 778.209, non-discretionary bonuses such as the bonuses paid to Plaintiffs and Class Members are required to be included in the manual laborers' regular rate of pay before the overtime multiplier is applied.

5

34. Defendants did not follow 29 C.F.R. § 778.209.

35. Indeed, Defendants failed to pay any premium for hours worked in excess of forty (40) in a workweek to Plaintiffs and Class Members. Defendants paid Plaintiffs and Class Members only a salary and bonus.

36. Defendants did not track the hours Plaintiffs and Class Members worked in order to pay the overtime premium. See Exhibit "A," a sample of Plaintiffs' Earning Statements.

37. No exemption or other exception to the payment of overtime under the FLSA applies to Plaintiffs or Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all salary-paid manual laborers employed by Defendants during any work week from January 29, 2010 to the time notice is issued.

39. Plaintiffs have actual knowledge, through conversations with their co-workers, that a class of similarly situated workers exist who have been subjected to Defendants' policy of (a) paying a salary without regarding for overtime premiums to manual laborers who work in the oil and gas fields, (b) paying a non-discretionary bonus to such workers without paying them an overtime premium based on such bonuses and (c) not tracking the hours worked by such manual laborers.

40. Class Members are similarly situated to Plaintiffs in that, at least during one workweek of the relevant period, they all performed manual labor in oil and gas fields, were paid a salary and/or were paid a bonus without any additional compensation being paid as the overtime premium required by the FLSA.

41. Defendants' failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on personal circumstances of individual Class Members.

42. The experience of Plaintiffs, with respect to their employment classification and pay, is typical of salaried-paid manual laborers across Defendants' business.

43. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment.

44. Defendants are not able to articulate supporting facts in their Answer to support any exemption that would apply to Plaintiffs or Class Members.

45. Like Plaintiffs, all Class Members are entitled to receive overtime.

46. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

47. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions such as by email.

48. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

49. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (25) salaried manual laborers.

50. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (50) salaried manual laborers.

51. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (100) salaried manual laborers.

52. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (150) salaried manual laborers.

53. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (200) salaried manual laborers.

54. Between January 29, 2010 and January 29, 2013, Defendants employed at least twenty-five (250) salaried manual laborers.

55. The class of similarly situated employees is properly defined as follows:

**The Class Members are all salary-paid, manual laborers employed by Defendants during any work week from January 29, 2010 to the time notice is issued.**

### VII.   CAUSES OF ACTION

COUNT I
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME
(COLLECTIVE ACTION)

56. Plaintiffs incorporate the preceding paragraphs by reference.

57. This count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs and Class Members overtime based on FLSA's time-and-a-half formula.

58. For each hour worked in excess of forty (40) each week, Plaintiffs and Class Members were entitled to be paid one and one-half times their regular rate of pay.  29 U.S.C. § 207.

59. By failing to pay overtime based on that formula, Defendants violated and continue to violate the FLSA.

60. No exception contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in the position of Defendants to skirt its obligation to pay overtime to an employee situated in the position of Plaintiffs and Class Members.

61. Defendants' failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

COUNT II
VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO KEEP ADEQUATE RECORDS
(COLLECTIVE ACTION)

62. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

63. Defendants failed to keep adequate records of Plaintiffs and Class Members' work hours in violation of section 211(c) of the Fair Labor Standards Act. See 29 U.S.C. § 211(c).

64. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

65.    Defendants have not complied with federal law and have failed to maintain such records with respect to the Plaintiffs and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." See, e.g., *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

## VIII.  WAGE DAMAGES SOUGHT

66. Plaintiffs and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present.  29 U.S.C. § 216(b).

67. Plaintiffs and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.   29 U.S.C. § 216(b).

68. Plaintiffs are also entitled to recover their attorneys' fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX.  JURY DEMAND

69. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiffs hereby demand trial by jury.

## X.  PRAYER FOR RELIEF

70. For these reasons, Plaintiffs respectfully request that judgment be entered in favor of themselves and the Class Members awarding them:

   a. Overtime compensation for all hour worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    gkennedy@kennedyhodges.com
    State Bar No. 00796870
    Federal Bar No. 20791
    711 W. Alabama St.
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

OF COUNSEL:

Beatriz Sosa-Morris
Bsosamorris@kennedyhodges.com
State Bar No. 24076154
Federal Bar No. 1552137
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile:  713-523-1116