UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN TREY HILLARD and ANTOINE EPPS, on Behalf of Themselves and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-cv-00024 |
| vs. | § § § | |
| ARCHER UNDERBALANCED SERVICES LLC and ALLIS-CHALMERS ENERGY INC., | § § § § | |
| Defendants. | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Archer Underbalanced Services LLC and Allis-Chalmers Energy Inc.[1] (misidentified as Plaintiffs' employers) ("Defendants") file this Answer to Plaintiffs' Original Complaint. Defendants deny all allegations in the Complaint which are not specifically admitted below. The numbered paragraphs below correspond to the same-numbered paragraphs in Plaintiffs' Complaint:

---

[1] Allis-Chalmers Energy Inc. was merged into Archer Well Company on December 31, 2012.

## I.   SUMMARY

1. This paragraph contains no allegation to which a response is required. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

2. Defendants deny all allegations in this paragraph.

3. Defendants deny all allegations in this paragraph.

4. Defendants deny all allegations in this paragraph.

5. This paragraph contains Plaintiffs' description of this action as a putative collective action and request for relief to which no response is required. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate and otherwise refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

6. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

## II.   SUBJECT MATTER JURISDICTION AND VENUE

7. Defendants do not dispute this Court's jurisdiction over this matter at this time.

8. Defendants deny all allegations in this paragraph.

### III. PARTIES AND PERSONAL JURISDICTION

9. Defendants are without sufficient information to admit or deny Plaintiff Hillard's current residence.

10. Defendants are without sufficient information to admit or deny Plaintiff Epps' current residence.

11. This paragraph contains Plaintiffs' definition of a proposed class. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate and otherwise refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

12. Defendants admit that Archer Underbalanced Services LLC is a limited liability company organized under the laws of Delaware and does business in Texas, and that Plaintiffs have accurately alleged its registered agent for service of process.

13. Defendants admit that Plaintiffs have accurately alleged the registered agent for service of process. Defendants deny any and all remaining allegations in this paragraph.

14. Defendants do not challenge Plaintiffs' assertion that this Court has personal jurisdiction over Defendants at this time. Defendants object that this paragraph contains legal conclusions, which they are not required to admit or deny.

15. Defendants admit that Archer Underbalanced Services LLC has an office in Texas. Defendants deny any and all remaining allegations in this paragraph.

16. Defendants admit that Archer Underbalanced Services LLC employs Texas citizens. Defendants deny any and all remaining allegations in this paragraph.

17. Defendants deny all allegations in this paragraph.

18. Defendants admit that Archer Underbalanced Services LLC provides services in Texas. Defendants deny any and all remaining allegations in this paragraph.

19. Defendants deny all allegations in this paragraph.

## IV. FLSA COVERAGE

20. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent further response is required, Defendants admit that Archer Underbalanced Services LLC is or has been an employer under the FLSA, although not an employer of Plaintiffs and not necessarily an employer of any potential class members.

21. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent further response is required, Defendants are without sufficient information to admit or deny whether

4

Defendants are an "enterprise" within the meaning of the cited portions of the FLSA.

22. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent further response is required, Defendants are without sufficient information to admit or deny whether Defendants are an "enterprise" within the meaning of the cited portions of the FLSA.

23. Defendants admit that Archer Underbalanced Services LLC had an annual gross business volume in excess of $500,000 for the three years prior to the filing of Plaintiffs' Original Complaint. Defendants deny any and all remaining allegations in this paragraph.

24. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent further response is required, Defendants are without sufficient information to admit or deny the allegations in this paragraph.

## V. FACTS

25. Defendants admit that Archer Underbalanced Services LLC provides certain oil field services across the country. Defendants deny any and all remaining allegations in this paragraph.

26. Defendants deny all allegations in this paragraph.

27. Defendants deny all allegations in this paragraph.

28. Defendants deny all allegations in this paragraph.

29. Defendants deny all allegations in this paragraph.

30. Defendants object that this paragraph contains legal conclusions, which they are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

31. Defendants admit that job bonuses are reflected on earning statements. Defendants deny any and all remaining allegations in this paragraph.

32. Defendants deny all allegations in this paragraph.

33. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

34. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

35. Defendants deny all allegations in this paragraph.

36. Defendants deny all allegations in this paragraph.

37. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

## VI.   COLLECTIVE ACTION ALLEGATIONS

38. This paragraph contains Plaintiffs' description of this action as a putative collective action and contains Plaintiffs' definition of a proposed class. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

39. Defendants are without sufficient information to admit or deny the allegations in this paragraph regarding communications Plaintiffs may or may not have had with their co-workers.

40. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

41. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

42. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

43. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

44. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

45. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

46. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

47. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

48. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate.

49. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

50. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

51. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny

that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

52. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

53. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

54. Defendant Allis-Chalmers Energy Inc. denies all allegations in this paragraph. This paragraph contains Plaintiffs' description of this action as a

putative collective action. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate, and further state that they are without sufficient facts to admit or deny the allegation because Defendants do not know what Plaintiffs mean by "manual laborer," as that is not a job title that Defendants use.

55. This paragraph contains Plaintiffs' definition of a proposed class. To the extent a response is required, Defendants deny that any class or collective action treatment is appropriate and otherwise refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

## VII.  CAUSES OF ACTION

### COUNT I

56. Defendants incorporate their previous responses and further deny that they acted unlawfully toward Plaintiffs in any respect and deny that any class or collective action treatment is appropriate.

57. This paragraph contains Plaintiffs' recitation of their causes of action, and Defendants deny that Plaintiffs and proposed class members are entitled to any relief sought in this paragraph.

58. This paragraph contains Plaintiffs' recitation of their causes of action, and Defendants deny that Plaintiffs and proposed class members are entitled to any relief sought in this paragraph.

59. This paragraph contains Plaintiffs' recitation of their causes of action, and Defendants deny that Plaintiffs and proposed class members are entitled to any relief sought in this paragraph.

60. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

61. This paragraph contains Plaintiffs' recitation of their causes of action, and Defendants deny that Plaintiffs and proposed class members are entitled to any relief sought in this paragraph.

## COUNT II

62. Defendants incorporate their previous responses and further deny that they acted unlawfully toward Plaintiffs in any respect and deny that any class or collective action treatment is appropriate.

63. This paragraph contains Plaintiffs' recitation of their causes of action, and Defendants deny that Plaintiffs and proposed class members are entitled to any relief sought in this paragraph.

64. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required,

Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

65. Defendants object that this paragraph states a legal conclusion, which Defendants are not required to admit or deny. To the extent a response is required, Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

### VIII.  WAGE DAMGES SOUGHT

66. This paragraph contains requests for relief to which no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

67. This paragraph contains requests for relief to which no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

68. This paragraph contains requests for relief to which no response is required. To the extent a response is required, Defendants deny any and all allegations in this paragraph.

## IX.   JURY DEMAND

69.   Defendants admit that Plaintiffs have made a jury demand. The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny any and all allegations in this paragraph.

## X.   PRAYER FOR RELIEF

70.   This paragraph contains legal conclusions and requests for relief to which no response is required. Defendants refer to and incorporate their responses to the other allegations in the Complaint and their Affirmative Defenses.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs have failed to identify a proper putative class and have failed to define the putative class with sufficient particularity.

2.   Neither Plaintiffs nor any members of the proposed putative class are similarly situated and class or collective action treatment is improper, and further would violate Defendants' due process rights. Plaintiffs cannot meet the prerequisites for collective or class certification, including conditional certification. Plaintiffs are not proper class representatives and lack standing. Certification and/or notice to a potential class would be improper.

3.   With respect to some or all Plaintiffs and potential class members, and depending on the scope of the putative class, Defendants acted in good faith, with

the reasonable belief that they complied with the law. Moreover, Defendants did not willfully deprive some or all Plaintiffs and potential class members of any due compensation.

4. Depending on the scope of the putative class, some or all Plaintiffs and potential class members were paid all compensation to which they were entitled under the FLSA.

5. Depending on the scope of the putative class, claims of some or all Plaintiffs and potential class members are barred by limitations.

6. Depending on the scope of the putative class, some or all of Plaintiffs and potential class members meet one or more exemptions from overtime pay.

7. Depending on the scope of the putative class, some or all of the Plaintiffs and potential class members are not entitled to liquidated damages.

8. Depending on the scope of the putative class, as to some or all Plaintiffs and potential class members, the amount of any unpaid overtime was de minimis.

9. Neither Plaintiffs nor any potential class member are entitled to any declaratory or injunctive relief.

10. Some or all of Plaintiffs' and potential class members' claims are subject to offset.

11. Depending on the scope of Plaintiffs' putative class, the Court may lack jurisdiction and/or proper venue as to claims over some potential class members.

12. Plaintiffs have misidentified their employer.

13. Plaintiffs' claims should be dismissed under the first-to-file rule because the claims have been asserted in one or more earlier-filed matters.

Defendants reserve the right to amend this Answer by adding defenses, counterclaims, cross claims, or other demands as additional facts are obtained through investigation and discovery. Defendants preserve and do not waive any defenses permitted by the Federal Rules of Civil Procedure or applicable law, or any other matter constituting an avoidance or defense as discovery may reveal to be applicable.

Respectfully submitted,

/s/ Michael J. Muskat
MICHAEL J. MUSKAT
Attorney-in-Charge
State Bar No. 24002668
S.D. Tex. Bar No. 22816
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

Attorneys for Defendants

OF COUNSEL:

GABRIELLE S. MOSES
State Bar No. 24063878
S.D. Tex. Bar No. 1068217
MUSKAT, MARTINEZ & MAHONY, LLP
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

## CERTIFICATE OF SERVICE

      This is to certify that on March 21, 2013, a true and correct copy of the foregoing document has been served on Plaintiffs' counsel of record via the Electronic Case Filing system.

                                         /s/ Michael J. Muskat
                                         MICHAEL J. MUSKAT